IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

C&D CONTRACTORS, INC.,

Plaintiff,

v.

TONI WILSON

Defendants.

C. A. No. ____________

## PETITION FOR WRIT OF MANDAMUS

AND NOW COMES Plaintiff, C&D Contractors, Inc., by and through counsel, and hereby seeks a Writ of Mandamus compelling the respondent, Toni Wilson, a Contracting Officer with the Department of Veterans Affairs, to immediately proceed with or terminate the agreed to Alternative Dispute Resolution, as per her statutory responsibilities.

### I. Jurisdiction and Venue

1. The jurisdiction of this Court is invoked pursuant to:

a. Title 28, Section 1361 of the United States Code, this being an action in the nature of mandamus to compel an officer or employee of the United States or agency thereof to perform a duty owed to Plaintiff.

b. Section 10 of the Administrative Procedure Act (5 U.S.C.A. § 701-706), this being an action brought by persons suffering legal wrong because agency action or adversely affected or aggrieved by agency action within the relevant statute.

2. Venue is based upon 28 U.S.C.A. § 1391(e) as Respondent is either an officer or employee of the United States and a substantial part of the "events or omissions giving rise to the

claim" occurred in the District of Delaware.

## II. The Parties

3. Petitioner, C&D Contractors, Inc., ("C&D") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 14 East 40th Street, Wilmington, Delaware 19802.

4. Respondent, Toni Wilson ("Wilson") is sued in an official capacity as Contracting Officer. Under the Contract Disputes Act (the "CDA"), 41 U.S.C.A. § 601, *et seq*., defendant Wilson has authority and responsibility to respond to claims against the Department of Veterans Affairs (the "VA") related to construction projects. Defendant has the further responsibility to arrange, hold and participate in Alternative Dispute Resolution ("ADR") when the parties agree to use it to resolve the claim where the ADR has not been terminated according to the CDA at § 605(e).

## III. Background

5. The VA entered into a Federal Government Contract No. V460C-341 with PBM Construction Group, Inc. ("PBM") related to the Veterans Administration Hospital project in Wilmington, Delaware.

6. Thereafter on or about October 15, 2001, PBM entered into a subcontract with C&D, whereby C&D agreed to provide all labor, materials, equipment and supplies on behalf of PBM, with respect to certain work at the Project in consideration of the contract price of $587,000.

7. During the course of the Project, C&D performed additional change order work and was damaged by the conduct of the VA and/or PBM.

## IV. The Claim of C&D

8. On or about August 8, 2002, pursuant to the CDA, C&D submitted its claim for damages in the amount of $288,706.98 to PBM for presentation to the VA. A true and correct copy of C&D's claim is attached hereto as Exhibit "1."

9. On or about August 30, 2002, Wilson provided that a response to the claim would be forwarded in sixty (60) days. A true and correct copy of Wilson's August 30, 2002 letter is attached hereto as Exhibit "2."

10. Subsequently, on October 15, 2002, Wilson instructed PBM and C&D that she forwarded the C&D claim to the Defense Audit Agency (the "DAA") for auditing. A true and correct copy of Wilson's October 15, 2002 letter is attached hereto as Exhibit "3."

11. Pursuant to Wilson's request found in Ex. "3," on or about November 1, 2002, PBM certified C&D's claim pursuant to Wilson's directive.

12. Instead of responding (or failing to respond) to C&D's claim, Wilson continually extended the VA's response date, affecting C&D's ability to proceed with its administrative remedies under the CDA.

13. On or about May 19, 2003, Wilson instructed C&D that the VA had received the DAA's audit, and that a response would be forthcoming no later than June 6, 2003. A true and correct copy of Wilson's May 19, 2003 letter is attached hereto as Exhibit "4."

14. On June 5, 2003, instead of responding to C&D's claim, pursuant to the CDA, Wilson offered C&D non-binding Alternative Dispute Resolution (the "ADR") to resolve the claim, to which C&D happily agreed. A true and correct copy of Wilson's June 5, 2003 letter is attached hereto as Exhibit "5."

15. An initial date for the ADR was scheduled between the parties.

16. Unfortunately, Wilson cancelled the schedule ADR with C&D and refuses to follow through with the ADR, the VA's selected claim procedure.

17. Subsequently, the VA has held meetings with C&D to discuss the claim and its resolution, often requesting additional information.

18. Pursuant to the VA's request, on May 10, 2004, C&D again presented the VA with its claim for extra work and damages. A true and correct copy of C&D's claim letter of May 10, 2004 is attached hereto as Exhibit "6."

19. Despite repeated demands on the part of C&D to hold the ADR over the last two and one half years, the VA had been unwilling to utilize its chosen ADR process.

20. Wilson has not terminated the ADR pursuant to the CDA.

21. Due to the progress made in resolving C&D's claim prior to Wilson's failure to carry out her statutory responsibilities, C&D remains committed to the ADR process.

22. As a result, Wilson's refusal to conduct the ADR is in direct contravention of her non-discretionary statutory responsibilities as Contracting Officer to either proceed with ADR or terminate in accordance with the CDA.

23. Despite C&D's good faith attempts to resolve its claim, the VA has been obstructionist, failing to entertain C&D's claim and creating a procedural quagmire whereby C&D can take no action and has no remedy.

**Count I**
**Petition for Writ of Mandamus**

24. C&D incorporates by reference paragraphs 1-23 as though more fully set forth

herein at length.

25. By willfully or negligently refusing to decide and/or proceed to ADR pursuant to its agreement with C&D, Wilson has acted in manifest derogation of the express and implied duties set forth in the CDA.

26. C&D has no plain, speedy and adequate remedy in the ordinary course of the law other than the issuance by this court of a Writ of Mandamus.

27. Because the VA has both refused to engage in further ADR or to terminate ADR pursuant to the CDA, VA has created a procedural quagmire whereby C&D has no recourse.

28. As a result, C&D has no administrative remedy and the VA has severely prejudiced the rights of C&D.

29. This Honorable Court under 28 U.S.C.A. § 1361 and, under the exigent circumstances described above, should use its equitable powers to issue a Writ of Mandamus compelling the VA to participate in good faith ADR or terminate it appropriately.

WHEREFORE, Plaintiff, C&D Contracting, Inc., respectfully requests that this Honorable Court issue a Writ of Mandamus compelling Defendant Toni Wilson to:

(a) No later than 20 days from the date of the Writ, schedule and perform ADR with C&D Contracting, Inc.; or

(b) No later than 20 days from the date of the Writ, terminate the ADR process pursuant to the Contract Disputes Act.

In addition, Plaintiff respectfully requests that this Honorable Court:

(a) Maintain jurisdiction over this action to ensure Wilson's compliance;

(b) Award Petitioner the costs of this proceeding; and

(c) Grant Petitioner such other and further relief as the court considers just and proper.

Respectfully submitted,

**COHEN, SEGLIAS, PALLAS GREENHALL & FURMAN, P.C.**

By: [signature]

Edward Seglias, Esq. (I.D. No. 2822)
Robert K. Beste, Esq. (I.D. No. 154)
1007 Orange Street
Nemours Building, Suite 205
Wilmington, DE 19801
(302) 425-5089