**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| C&D CONTRACTORS, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-820-KAJ |
| | : | |
| TONI WILSON, et al. | : | |
| | : | |
| Defendants | : | |

**OPENING BRIEF IN SUPPORT OF RESPONDENT'S MOTION
TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF
<u>CAN BE GRANTED, PURSUANT TO FED.R.CIV.P. 12(b)(1) AND (6)</u>**

COLM F. CONNOLLY
United States Attorney

Patricia C. Hannigan
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277

Dated: January 30, 2006

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES .................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ................................. 1

SUMMARY OF ARGUMENT .................................................. 2

STATEMENT OF FACTS .................................................... 2

ARGUMENT ............................................................. 3

    1.    THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS DISPUTE BECAUSE IT ARISES FROM A GOVERNMENT CONTRACT ........................................ 3

        A.    Legal Standard ............................................ 3

        B.    The Contrast Disputes Act Divests This Court of Jurisdiction ......... 4

        C.    This Court's Jurisdiction Is Not Salvaged by the Administrative Procedures Act .................................. 8

    2.    THE PETITION FAILS TO STATE A CLAIM UPON WHICH MANDAMUS MAY BE GRANTED ................................. 2

        A.    Legal Standard - Rule 12(b)(6) ............................... 9

        B.    Legal Standard - Mandamus .................................. 9

        C.    Respondent, on Behalf of the VA, Owes No Duty To Petitioner ...... 11

        D.    The Relief Petitioner Seeks Is Enforcement of a Discretionary, Not A Ministerial, Act ........................... 11

CONCLUSION .......................................................... 12

## TABLE OF AUTHORITIES

**CASES**                                                           **PAGE**

*Acousti Engineering Co. Of Florida v. Untied States*
    15 Cl. Ct. 698 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*A & S Council Oil Co.*
    *56 F.3d 234 (*D.C. Cir. 1995*)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Allied Chem. Corp., v. Daiflon, Inc.*
    449 U.S. 33 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Bobula v. United States Dep't of Justice*
    970 F.2d 854 (Fed. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Campanella v. Commerce Exchange Bank*
    137 F. 3d 885 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Conley v. Gibson*
    355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

*Department of the Army v. Blue Fox*
    525 U.S. 255 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8, 9,

Duncan v. Rank
    372 U.S. 609 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Eagle Fence Co., Inc. v. V. S. Electric, Inc*.
    324 F. Supp. 2d 621 (E.D. Pa. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 5, 6

*Eastern, Inc. v. Shelly's of Delaware, Inc., et al.*
    721 F. Supp. 649 (D.N.J. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Esposito v. Shultz*
    366 F. Supp. 1059 (N.D. Ca. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Ford v. Schering-Plough Corp.*
    145 F.3d 601 (3d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**CASES**                                                                                                                                         **PAGE**

*Fortna, Inc. v. United States Postal Service, Siemens Electrocom, L.P.*
    CIV.A. No. 00-3081
    2000 WL 33119416, *1, 2000 U.S.
    Dist. LEXIS 19179, *3 (E.D.Pa. Dec. 29, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hinkel v. England*
    349 F.3d 162 (3d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8, 10

*In Re Beard*
    811 F.2d 818 (4th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Jackson v. United States Postal Serv.*
    799 F.2d 1018 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Kehr Packages, Inc. v Fidelcor, Inc.*
    926 F. 2d 1406 (3d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Kerr v. United States Dist. Ct.*
    426 U.S. 394 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Licata v. United States Postal Serv.*
    33 F.3d 259 (3d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Mallard v. United States Dist. Court of the S. Dist. Of Iowa*
    490 U.S. 296 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Marine Coatings of Alabama, Inc. v. United States*
    932 F.2d 1370 (11th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Mortensen v. First Fed. Sav. & Loan Ass'n*
    549 F. 2d 884 (3d Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Nami v. Fauber*
    82 F. 3d 63 (3d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Navcom Defense Electronic, Inc. v. Ball Corp.*
    92 F.3d 877 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**CASES**                                                                                                   **PAGE**

*Pike, L.P. v. United States Postal Serv.*
    886 F.Supp. 487 (E.D.Pa. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Richardson v. United States*
    465 F.2d 844 (3d Cir. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

*Spodek v. United States*
    26 F.Supp. 2d 750 (E.D.Pa. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States of America v. J & E Salvage* Co.
    55 F. 3d 985 (4th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Johnson Controls, Inc.,*
    713 F.2d 1541 (F. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Walker*
    409 F.2d 477 (9th Cir. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Up State Federal Credit Union v. Walker*
    198 F.3d 372 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Wright v. United States Postal Serv.*
    29 F.3d 1426 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**STATUTES AND OTHER AUTHORITIES**

Administrative Procedures Act
    5 U.S.C § 701 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8, 9
    5 U.S.C § 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8
    5 U.S.C § 706 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

    28 U.S.C. § 1361 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Postal Service Reorganization Act
    39 U.S.C.§ 401(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    39 U.S.C. § 409(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**PAGE**

Contract Disputes Act
    41 U.S.C.§ 601 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4
    41 U.S.C.§ 605(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    41 U.S.C.§ 605(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 9, 11
    41 U.S.C.§ 606 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    41 U.S.C.§ 607 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    41 U.S.C.§ 609 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Federal Rules of Civil Procedure
    Rule 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## NATURE AND STAGE OF THE PROCEEDING

Petitioner C&D Contractors, Inc. ("C&D") filed a Petition for Writ of Mandamus ("Petition") in this Court on or about December 1, 2005, seeking a Court order requiring Respondent, a Contracting Officer with the Department of Veterans Affairs ("VA"), to take one of two actions.[1] The requested actions spring from C&D's effort to obtain payment from the VA of a monetary claim that arose under a government procurement contract between the VA and a third party, a contract to which Petitioner was not a party. Specifically, the Petition seeks an order requiring Respondent either to engage with C&D in non-binding Alternative Dispute Resolution ("ADR") on behalf of the VA or to formally "terminate the ADR process". (*See* Petition for Writ of Mandamus at ¶ 5, hereinafter "Petition at ¶ __").

Respondent has now filed a Motion to Dismiss the Petition, on the grounds that this Court lacks jurisdiction over disputes regarding government procurement contracts, and that mandamus is inappropriate in any event. The former argument is anchored in the Contract Disputes Act, 41 U.S.C. § 601, *et seq*. The latter argument relies on the fact that Respondent does not owe any duty to Petitioner on behalf of the VA under the contract at issue, because

---

[1] Although the action is "nominally ... brought against a Federal Official, it is considered as brought against the sovereign where, as here, the judgment sought would expend itself on the public treasury or domain, interfere with the public administration, or restrain the government from acting or compel it to act." *Duncan v. Rank*, 372 U.S. 609, 620 (1963). This action is therefore barred unless there is an applicable waiver of sovereign immunity. *Id*. The only waiver relevant to this matter is the Contract Disputes Act, 41 U.S.C. § 601 *et seq.* The mandamus statute, 28 U.S.C. § 1361 is not a general waiver of sovereign immunity. *See Bobula v. United States Dep't of Justice,* 970 F.2d 854, 860 (Fed. Cir. 1992). Nor is the Administrative Procedures Act, 5 U.S.C. §§ 701-706. *See Department of the Army v. Blue Fox*, 525 U.S. 255 (1999) discussed in Argument 1.C., *infra*.

Petitioner has no privity of contract with Respondent or the VA. In addition, because the act that Petitioner seeks to compel is discretionary, not ministerial, mandamus is not proper.

## SUMMARY OF ARGUMENT

1.  The District Court lacks subject matter jurisdiction over claims arising from government procurement contracts. Such jurisdiction is vested exclusively in the Court of Federal Claims and the agency Board of Contract Appeals. 41 U.S.C. § 601, *et seq.*; *Eagle Fence Co., Inc. v. V. S. Electric, Inc.*, 324 F. Supp. 2d 621, 627 (E.D.Pa. 2004). Accordingly, the petition should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

2.  The Petition fails to state a claim on which mandamus may be granted, so should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Respondent, on behalf of the VA, in her official capacity as Contracting Officer, does not owe any duty to Petitioner since Petitioner is not a party to the VA contract and there is therefore no privity of contract between Petitioner and the VA. In addition, the action Petitioner seeks to compel is discretionary with the VA. Accordingly, there is no basis for a writ of mandamus.

## STATEMENT OF FACTS

There is no dispute regarding the facts on which jurisdiction is alleged to lie. The VA entered into a construction contract with PBM Construction Group, Inc. ("PBM" or "prime contractor"), related to a project at the VA hospital in Wilmington, Delaware. Petition at ¶ 5. PBM subsequently subcontracted with Petitioner C&D for the performance of certain work under that government contract. Petition at ¶. 6. Pursuant to its subcontract with PBM, to which the VA was not a party, C&D did, in fact, perform work at the VA facility. Petition at ¶ 7.

Following complications not relevant here, C&D came to submit a certain claim for payment to PBM, the prime contractor, in August of 2002, which PBM forwarded to the VA. Petition at ¶ 8. That claim was not paid; instead, the VA entered into Alternative Dispute Resolution with PBM (not C&D). PBM has subsequently become defunct, leading C&D to ask the VA to enter into ADR directly with C&D. Petition at ¶ 19. Lacking privity of contract with C&D, the VA declined to act, hence the instant Petition to compel the Contracting Officer to either participate in ADR with C&D, or to formally "terminate the ADR process." Petition at ¶ 5. However, the VA was never formally engaged in ADR with C&D.

Likewise, there is no factual dispute regarding the VA's offer to engage in ADR with PBM (not with C&D). The statutory provision at issue reads, in relevant part, "a contractor and a contracting officer *may* use any alternative means of dispute resolution ... or other mutually agreeable procedure, for resolving claims." 41 U.S.C.§ 605(e). That the discretionary offer was made by the VA to the prime contractor, PBM, is not in dispute.

### ARGUMENT

**1. THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS DISPUTE BECAUSE IT ARISES FROM A GOVERNMENT CONTRACT**

**A.   Legal Standard - Rule 12(b)(1)**

The Plaintiff bears the burden of persuasion where a defendant challenges subject matter jurisdiction under Rule 12(b)(1). *Kehr Packages, Inc. v Fidelcor, Inc.,* 926 F. 2d 1406, 1409 (3d Cir. 1991).

Here, Respondent attacks the existence of subject matter jurisdiction in fact. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F. 2d 884, 891 (3d Cir. 1977). "[W]here defendant attacks

the court's subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact.*" Eagle Fence*, 324 F. Supp. 2d at 621, 623.  Respondent's only argument addressed to the factual accuracy of the allegations in the Petition is that, to the extent it suggests that the VA offered to engage in ADR with C&D rather than with the prime contractor, it is incorrect.  The offer by the VA to PBM, to engage in ADR, is reflected in Petition Exhibit 5.

B.     **The Contract Disputes Act Divests This Court of Jurisdiction**

The Contract Disputes Act, codified at 41 U.S.C. § 601 *et seq*. ("CDA"), applies to procurement contracts between government agencies and private contractors.  "The CDA generally provides a system for adjudicating certain contract claims against the government." *Eagle Fence*, 324 F.Supp. at 624-625.  Pursuant to the CDA, "[a]ll claims by a contractor against the government relating to a contract [within the scope of the statute] ... shall be submitted to the contracting officer for a decision." 41 U.S.C. § 605(a).  Appeal from the Contracting Officer's decision lies, in the first instance, in the Court of Federal Claims or in an agency Board of Contract Appeals, with subsequent appellate reviews available in the Federal Circuit.  *Id*. §§ 606, 607, 609.  Clearly, therefore, jurisdiction over Petitioner's claim here rests in the Court of Federal Claims.

However, in the *Eagle Fence* case, the Eastern District of Pennsylvania Court was of the opinion that there was a split in authority regarding whether the CDA not only created jurisdiction in the Court of Federal Claims, but also divested the district court of jurisdiction over  claims covered by the CDA.  *Eagle Fence*, 324 F.Supp. 2d at 626 (collecting cases).  In that case, Eagle Fence, as a subcontractor to V. S. Electric, Inc., performed certain work at a

United States Postal facility in New Jersey. When payment was not forthcoming, Eagle Fence filed suit against both the prime contractor and the United States Postal Service in state court. The Postal Service removed the action to Federal District Court, and then moved to dismiss on grounds that, under the CDA, exclusive jurisdiction over such matters is now vested in the Court of Federal Claims. The Eastern District of Pennsylvania court agreed, holding both that Congress intended the CDA to deprive district courts of jurisdiction over claims against the government by contractors, and that deprivation extends to claims by subcontractors as well. *Id* at 626, 627."

On the first point, i.e. that contractors' claims are now barred in the district courts, *Eagle Fence* reviewed decisions from other circuits, including *A & S Council Oil Co. v. Lader,* 56 F.3d 234, 241-242 *(*D.C. Cir. 1995*) (*noting that the Contract Disputes Act "appears to be the paradigm of a 'precisely drawn, detailed statute' that preempts more general jurisdictional provisions"); *Campanella v. Commerce Exchange Bank,* 137 F.3d 885, 890-91 (6th Cir. 1998) (the detailed provisions of the CDA preempted more general jurisdictional provisions such that, even if the Small Business Administration's 'sue and be sued' clause was an independent jurisdictional grant, the CDA, in effect, withdrew that grant); *United States of America v. J & E Salvage* Co., 55 F. 3d 985, 987 (4th Cir. 1995) (the review procedures under the CDA are exclusive of jurisdiction in any other forum); *Jackson v. United States Postal Serv.*, 799 F.2d 1018, 1022 (5th Cir. 1986) (finding that the CDA granted exclusive jurisdiction to the Court of Federal Claims to hear any claim arising from a breach of a USPS procurement contract); and *Up State Federal Credit Union v. Walker*, 198 F.3d 372 (2d Cir. 1999) (under the CDA, the Court of Federal Claims has exclusive jurisdiction over contract claims against the Army).

As to the application of the CDA's jurisdictional bar to subcontractors, the Court reasoned that the CDA established a comprehensive statutory scheme resolving *all* claims regarding government procurement contracts. Quoting from a sister court in the Third Circuit, *Eagle Fence* noted that, while the statute refers to *contractors,* and is silent as to *subcontractors*, there is no sensible reason to believe that Congress "expected subcontractors to have access to district courts after it closed the doors of district courts to contractors." *Eagle Fence,* 213 F.Supp. at 627*, quoting Eastern, Inc. v. Shelly's of Delaware, Inc., et al.*, 721 F.Supp. 649, 651 (D.N.J. 1989).

It remains the case that the Third Circuit has not spoken on these issues, and in fact, ten years before *Eagle Fence*, it had expressly reserved deciding the matter. *Licata v. United States Postal Serv.*, 33 F.3d 259, 264 n. 6 (3d Cir. 1994). On the other hand, the Third Circuit has not faced a challenge to either *Eagle Fence* or two previous decisions from the Eastern District of Pennsylvania that reached the same conclusion, and on which *Eagle Fence* relied. *See Spodek v. United States*, 26 F.Supp. 2d 750, 753 (E.D.Pa. 1998); *Fortna, Inc. v. United States Postal Service, et al.*, CIV.A. No. 00-3081, 2000 WL 33119416, *1, 2000 U.S. Dist. LEXIS 19179, *3 (E.D.Pa. Dec. 29, 2000).

The *Eagle Fence* court cited to three cases as contrary authority to the proposition that exclusive jurisdiction over CDA claims lies either in the Court of Federal Claims or in the agency Board of Contract Appeals, but not in the district courts. *Eagle Fence*, 324 F.Supp. at 625. Respectfully, Respondent suggests those cases are actually distinguishable from the case at bar. In each of the cases cited as contrary authority there was a separate statutory provision that permitted a contractor access to the District Court. There was no finding that the District Court

retained CDA jurisdiction over contract claims. For example, in *Wright v. United States Postal Serv.*, 29 F.3d 1426, 1430 (9th Cir. 1994) it was held that the independent ability of the USPS to "sue and be sued" pursuant to the Postal Service Reorganization Act, 39 U.S.C.§ 401(1), taken in conjunction with 39 U.S.C. § 409(a), which grants district courts original jurisdiction over actions by or against the Postal Service, provides an independent statutory grant of jurisdiction to the district courts, which is not preempted by the CDA. Similarly, in *Pike, L.P. v. United States Postal Serv.,* 886 F.Supp. 487 (E.D.Pa. 1995) the Postal Service's independent "sue and be sued" authority provided access to the district court outside the CDA. In *Marine Coatings of Alabama, Inc. v. United States*, 932 F.2d 1370, 1377 (11th Cir. 1991), admiralty law provided an independent avenue for recovery. The court specifically held "though [the subcontractor] would be precluded from bringing suit for recovery on the *contract* unless it complied with the CDA, the CDA does not supercede admiralty provisions providing for another means of recovery." *Id*. (emphasis in original.)

Congress has not authorized the VA to sue and be sued in its own name. Nor has C&D any other avenue to District Court beyond the CDA. Accordingly, in light of the above authorities, the Respondent asks that the Court dismiss the instant Petition for lack of subject matter jurisdiction.[2]

---

[2] Although Respondent urges that the Federal Court of Claims has exclusive jurisdiction over Petitioner's claim, because it arises under the CDA, it is by no means clear that C&D could succeed on its argument there, because it remains the case that C&D has no privity of contract with the VA. *See United States v. Johnson Controls, Inc.,* 713 F.2d 1541 (Fed. Cir. 1983) (CDA did not provide right to a direct appeal by a subcontractor who had no privity of contract with the Government); *Acousti Engineering Co. Of Florida v. United States*, 15 Cl. Ct. 698 (1988) (a subcontractor with no express or implied contract with the government lacks privity, and has no claim for breach of contract); *Navcom Defense Electronic, Inc. v. Ball Corp.*, 92 F.3d 877, 879-80 (9th Cir. 1996) (under the CDA, contracting officers have jurisdiction only over claims by

C.     **This Court's Jurisdiction is Not Salvaged by The Administrative Procedures Act.**

The Petition asserts that jurisdiction over this matter lies in this Court under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701-706.[3] Petition at ¶1.B. The APA provides for an "action in a court of the U.S. seeking relief other than money damages." 5 U.S.C. § 702. Presumably, the argument in support of Petitioner's position on this point is that the relief here sought - a Court Order compelling the VA either to enter into or to "terminate" ADR - is "other than money damages." The government disagrees.

In *Dept. of the Army v. Blue Fox,* 525 U.S. 255 (1999), an insolvent prime contractor failed to pay its subcontractor, Blue Fox, for work on a construction project for the Army. Blue Fox sued the Army directly, asserting an equitable lien on certain funds held by the Army, and asserting jurisdiction under the APA. Noting the familiar principle that any waiver of sovereign immunity must be strictly construed in favor of the sovereign, the Supreme Court unanimously found that "the equitable nature of the lien sought by respondent here does not mean that its ultimate claim was not one for 'money damages' within the meaning of [the APA]." *Blue Fox*, 525 U.S. at 262. The Court continued, "its goal is to seize or attach money in the hands of the government as compensation for the loss resulting from the default of the prime contractor." *Id.* at 263. Accordingly, the Court ruled the subcontractor's claim barred by sovereign immunity,

---

contractors against the government, not over claims brought directly by subcontractors, and not over disputes between a subcontractor and a prime contractor). However, that determination is not before this Court.

[3] If this assertion were true, which the Respondent disputes, it would defeat C&D's mandamus argument, since it would preclude a finding that there is "no other adequate means to attain their desired relief." *Hinkel v. England*, 349 F.3d 162, 164 (3d Cir. 2003). *See* Argument 2.B., *infra*.

notwithstanding the APA. Applying the identical reasoning here, this Court lacks jurisdiction over C&D's claim, under the APA.[4]

### 2. THE PETITION FAILS TO STATE A CLAIM UPON WHICH MANDAMUS MAY BE GRANTED

**A.  Legal Standard - Rule 12(b)(6)**

In ruling on a 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the court must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom. The Court must determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Nami v. Fauber*, 82 F. 3d 63, 65 (3d Cir. 1996) (citations omitted). The court must construe the complaint in the light most favorable to the plaintiff and must draw all reasonable inferences in the claimant's favor, but it need not accept as true legal conclusions or unwarranted factual inferences. *Ford v. Schering-Plough Corp.,* 145 F.3d 601, 604 (3d Cir. 1998). A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**B.  Legal Standard - Mandamus**

Pursuant to 28 U.S.C. § 1361, actions "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"

---

[4] If a final nail in the coffin were needed to properly lay this argument to rest, it is also the case that the APA specifically exempts from its operation cases where "agency action is committed to agency discretion by law." 5 U.S.C. § 701. In this case, the CDA specifically provides that the VA, as a government agency, *may* engage in ADR. *See* 41 U.S.C. § 605(e) *(emphasis added)*. This entirely discretionary provision provides no standard by which the Court can assess the agency's exercise of its discretion. Thus, the APA's provisions regarding judicial review are inapplicable here.

may be brought in the District Court. The Third Circuit has held: "[t]here are two prerequisites to issuing a writ of mandamus. Appellants must show that (1) they have no other adequate means to attain their desired relief; and (2) their right to the writ is clear and indisputable." *Hinkel v. England*, 349 F.3d at 164 (internal citations omitted). Mandamus is a drastic remedy, to be granted only in extraordinary situations. *Kerr v. United States Dist. Ct.*, 426 U.S. 394, 402 (1976). The party seeking the writ bears the burden of proving both elements of entitlement to the desired relief. *See Mallard v. United States Dist. Court of the S. Dist. Of Iowa,* 490 U.S. 296, 309 (1989) (no other means); *Allied Chem. Corp., v. Daiflon, Inc.,* 449 U.S. 33, 35 (1980) (right is "clear and indisputable").

If both these elements are met, in considering whether the issuance of a writ of mandamus is warranted, the Court will consider whether the duty allegedly owed by the government official is ministerial or discretionary. Writs of mandamus are issued only when a government official owes the petitioner a ministerial duty; "[a]n act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt." *Richardson v. United States,* 465 F.2d 844, 849 (3d Cir. 1972), rev'd on other grounds, 418 U.S. 166 (1974). Where no duty at all is owed by the government official to the petitioner, no jurisdiction lies in the federal court under the mandamus statute. *United States v. Walker*, 409 F.2d 477, 481 (9th Cir. 1969). Finally, "'[e]ven when these requirements are met, issuance of the writ is largely discretionary....' (internal citation omitted). '[I]t is within a court's discretion to refrain from issuing the writ even when the requirements for mandamus are technically satisfied. The availability of the writ 'does not compel its exercise.'" *In Re Patenaude*, 210 F.3d 135, 141 (3d Cir. 2000) (internal citation omitted).

C. **Respondent, on Behalf of the VA, Owes No Duty to Petitioner**

First, the mere allegation in the Petition that jurisdiction lies under the mandamus statute does not convert what is essentially a contract action into a mandamus action. Nor does the fact that the presently requested relief is not monetary (although the ultimate goal is to secure monetary relief), but is instead a plea that the VA Contracting Officer be ordered to take certain actions, transform this from a contract action to some other entity. The fact of the matter is that the origin of Petitioner's claim lies in its subcontract with PBM, and the ultimate goal of court intervention is that Petitioner get paid by the VA for its work under that subcontract.

But even if this were appropriately an action "in the nature of mandamus" it would fail. The only duty Petitioner can point to is that of the VA to another party, PBM. The VA owes no duty to C&D, a subcontractor, under the VA's prime contract with PBM. Where no duty is owed, mandamus will not lie. *United States v. Walker*, 409 F. 2d at 481. Moreover, where no duty is owed, obviously a Petitioner cannot show it has a "clear and indisputable" right to a court order mandating a government official to take action to discharge that non-existent duty.

D. **The Relief Petitioner Seeks is Enforcement of A Discretionary, Not a Ministerial, Act**

Finally, even if the VA did owe some duty to Petitioner, the relief Petitioner seeks addresses actions that are discretionary, not ministerial. The statute makes it clear that the choice to engage in ADR with a contractor is discretionary: "a contractor and a contracting officer *may* use any alternative means of dispute resolution." 41 U.S.C. § 605(e). Under this statute, the VA did not even owe a duty to engage in ADR to the prime contractor, let alone a subcontractor. Indeed, the fact that Petitioner seeks to compel performance of either one of two possible actions suggests the discretionary nature of the relief sought. For this reason, too,

-11-

mandamus is inappropriate. *See Richardson v. United States,* 465 F.2d 844, 849 (3d Cir. 1972)("[i]n order for mandamus to issue, a plaintiff must allege that an officer of the Government owes him a legal duty which is a specific, plain ministerial act "devoid of the exercise of judgment or discretion". (internal citations omitted). An act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt").

In summary, even accepting as true all the allegations of fact in the Petition for Writ of Mandamus, Petitioner is not entitled to mandamus relief. This appears "beyond doubt." *Conley v. Gibson*, 355 U.S. at 45-46. The Respondent respectfully requests that the Petition be dismissed with prejudice.

## **CONCLUSION**

For all the reasons stated above, and upon the authorities cited herein, Respondent respectfully requests the Court to dismiss the Petition for Writ of Mandamus for lack of subject matter jurisdiction, and also for failure to state a claim upon which relief can be granted.

                         COLM F. CONNOLLY
                         United States Attorney

          By:   /s/Patricia C. Hannigan
                Patricia C. Hannigan
                Assistant United States Attorney
                Delaware Bar I.D. No. 2145
                The Nemours Building
                1007 Orange Street, Suite 700
                P. O. Box 2046
                Wilmington, DE 19899-2046
                (302) 573-6277
                Patricia.Hannigan@usdoj.gov

Dated: January 30, 2006

## CERTIFICATE OF SERVICE

      I, Patricia C. Hannigan, hereby certify that on **January 30, 2006**, I electronically filed the foregoing **OPENING BRIEF IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, PURSUANT TO FED.R.CIV.P. 12(b)(1) AND (6)** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

**Robert K. Beste, Jr., Esquire**
**Edward Seglias, Esquire**
Cohen, Seglias, Pallas, Greenhall & Furman, P.C.
1007 Orange Street
Nemours Building, Suite 205
Wilmington, DE 19801
(302) 425-5089
rbeste@cohenseglias.com

                                              COLM F. CONNOLLY
                                              United States Attorney

                                  By: /s/Patricia C. Hannigan
                                       Patricia C. Hannigan
                                       Assistant United States Attorney
                                       Delaware Bar I.D. No. 2145
                                       The Nemours Building
                                       1007 Orange Street, Suite 700
                                       P. O. Box 2046
                                       Wilmington, DE 19899-2046
                                       (302) 573-6277
                                       Patricia.Hannigan@usdoj.gov