IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

C&D CONTRACTORS, INC., :
:
       Plaintiff, :
:
    v. :     Civil Action No. 05-820-KAJ
:
:
TONI WILSON :
:
      Defendant. :

**RESPONSE TO RESPONDENT'S OPENING BRIEF IN SUPPORT
OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION AND FOR FAILURE TO
<u>STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>**

Edward Seglias, Esq. (I.D. No. 2822)
Robert K. Beste, Esq. (I.D. No. 154)
Cohen, Seglias, Pallas, Greenhall & Furman, P.C.
1007 Orange Street
Nemours Building, Suite 205
Wilmington, DE 19801
(302) 425-5089

Dated February 13, 2006

## TABLE OF CONTENTS

I.    NATURE AND STAGE OF THE PROCEEDING ............................................................... 2

II.   SUMMARY OF ARGUMENT ........................................................................................... 3

III.  STATEMENT OF FACTS ................................................................................................. 3

IV.   ARGUMENT ..................................................................................................................... 6

   1.   SUBJECT MATTER JURISDICTION IS PRESENT IN THE DISTRICT
        COURT UNDER BOTH 28 U.S.C. § 1361 AND THE ADMINISTRATIVE
        PROCEDURE ACT, 5 U.S.C. § 701, *et seq.* ............................................................. 6

        A.  Jurisdiction Pursuant to 28 U.S.C. § 1361 ...................................................... 6

        B.  Jurisdiction Pursuant to the Administrative Procedures Act .............................. 10

   2.   THE PETITION ADEQUATELY STATES A CLAIM UPON WHICH
        MANDAMUS MAY BE GRANTED ...................................................................... 11

        A.  Legal Standard - Rule 12(b)(6) .......................................................................... 11

        B.  Legal Standard - Mandamus ............................................................................... 12

        C.  Respondent, on Behalf of the VA, Owes a Duty to the Petitioner ...................... 13

        D.  Petitioner Seeks the Enforcement of a Non-Discretionary, Ministerial Act ........ 16

        E.  The Respondent Abused Her Discretion under the CDA making Mandamus
            Appropriate Relief .............................................................................................. 17

V.    CONCLUSION ............................................................................................................... 18

# TABLE OF AUTHORITIES

## CASE LAW

Baltimore & O.R.R. v. Central Ry. Serv., 636 F. Supp. 782 (E.D. Pa. 1986) ...............................12

Brown v. United States, 365 F.Supp. 328 (E.D. Pa. 1973) .........................................................6-7

Castella v. Army and Air Force Exch. Serv., 657 F.Supp. 25 (N.D. Tx. 1986) ...........................10

Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255 (1999) ...........................................................11

Hewlett-Packard Co. v. Arch Assoc. Corp., 908 F. Supp. 265 (E.D. Pa. 1995) ...........................12

Hinkel v. England, 349 F.3d 162 (3d Cir. 2003) .....................................................................7, 12

In re Joann Patenaude, et al, 210 F.3d 135 (3d Cir. 2000) ...........................................7, 12, 13, 17

Jones v. Alexander, Sec'y of the Army, 609 F.29 778 (5th Cir. 1980) ...........................................6

Richardson v. United States, 465 F.2d 844 (3d Cir. 1972) ..........................................................13

United States v. Turner Constr. Co., 827 F.2d 1554 (Fed. Cir. 1987) ..............................13, 14, 15

## STATUTES

5 U.S.C. § 572(b) ..................................................................................................................8, 16

5 U.S.C. § 701, et seq. .........................................................................................................passim

28 U.S.C. § 1361 .................................................................................................................passim

41 U.S.C. § 601, et seq. .......................................................................................................passim

41 U.S.C. § 605 ..............................................................................................................8, 11, 16

## RULES

FED. R.CIV. PRO. 12(b)(6) .........................................................................................................12

## I.    NATURE AND STAGE OF THE PROCEEDING

On or about December 1, 2005, Petitioner C&D Contractors, Inc. ("C&D") filed a Petition for Writ of Mandamus (the "Petition") in this Court.  The Petition sought a writ to compel Toni Wilson ("Ms. Wilson" and/or the "Respondent"); a Contracting Officer with the Department of Veteran's Affairs (the "VA") to perform a statutorily mandated function in relation to C&D's pending claim.  C&D respectfully requests that this Court enter a mandamus requiring Ms. Wilson to proceed with the Alternative Dispute Resolution (the "ADR") process chosen by the VA and C&D.  Since Ms. Wilson has refused to terminate the ADR pursuant to statute, she is bound to proceed with the ADR.  Presently, C&D finds itself in a procedural quagmire that is a result of Ms. Wilson's actions or inactions.  C&D can neither receive nor appeal any determination to the Board of Contract Appeals.

In response, on January 30, 2006, the Respondent filed a Motion to Dismiss (the "Motion") the Petition averring a lack of subject matter jurisdiction and a failure to state a claim of mandamus.  The Respondent confuses the issue, however, by grounding its Motion in the Contract Disputes Act (the "CDA"), 41 U.S.C. § 601, *et seq.*  Over the course of the last 3-4 years, C&D has attempted to pursue a remedy pursuant to the CDA.  In fact, C&D continues in its attempt to work with the VA.  At every step, C&D's efforts have been met with resistance or inaction by the Respondent.  Within the last 3-4 years, C&D submitted its claim, had its claim certified by the general contractor, had its claim audited by the Defense Audit Agency (the "DAA"), and obtained a judgment against the general contractor at the behest of the VA.  Moreover, in that time, the VA has continually extended the time to respond to C&D's claim and offered ADR to C&D.  C&D accepted the ADR process, which began and continued despite the absence of the general contractor.

2

In conclusion, under the CDA, Ms. Wilson must either terminate or proceed with the ADR. Since she has not chosen to terminate the ADR pursuant to the CDA there is no discretion, ADR must precede. The Petition is the result of the Respondent's failure to perform her ministerial, non-discretionary duties. Once Ms. Wilson has performed her duties C&D may resume its attempt to recover under the CDA.

## II.     SUMMARY OF ARGUMENT

1.     The District Court is vested with Subject Matter Jurisdiction pursuant to 28 U.S.C. § 1361, this being an action in the nature of mandamus to compel an officer or employee of the United States or agency thereof to perform a duty owed to Plaintiff. In addition, the District Court is vested with subject matter jurisdiction pursuant to the Administrative Procedures Act, this being a non-monetary claim based upon Administrative Action.

2.     The Petition adequately states a claim upon which mandamus may be granted.

## III.    STATEMENT OF FACTS

The VA entered into a construction contract (the "Contract") with PBM Construction Group, Inc. ("PBM") related to the Veterans Administration Hospital Project in Wilmington, Delaware (the "Project").[1] In order to prosecute its work, PBM entered into a subcontract with C&D (the "Subcontract"), whereby C&D agreed to provide all labor, materials, equipment and supplies on behalf of PBM for certain work on the Project for consideration.

During the course of the Project, C&D performed additional change order work and was damaged by the conduct of the VA and/or PBM. As a result, on or about August 8, 2002, pursuant to the CDA, C&D submitted its claim for damages to PBM for presentation to the VA. In response, on August 30, 2002, Ms. Wilson, the Contracting Officer, provided that a response

---

[1] The contract was Federal Government Contract No.: V460C-341.

3

to the claim would be forwarded in sixty (60) days. Prior to the end of that sixty (60) day period, on October 15, 2002, Ms. Wilson instructed PBM and C&D that she forwarded C&D's claim to the Defense Audit Agency (the "DAA") for review. In addition, Ms. Wilson requested that PBM certify C&D's claim so that it could proceed pursuant to the CDA. On November 1, 2002, PBM certified C&D's claim.

By way of illustration, sixty (60) days from August 30, 2002 would have required a response by October 30, 2002. At the conclusion of the sixty (60) days, Ms. Wilson did not provide a response to C&D's claim. In fact, the Respondent continually extended the VA's response date. As late as May 19, 2003, nine months after submission, Ms. Wilson instructed C&D that the VA had received the DAA's audit, and that a response would be forthcoming no later than June 6, 2003. A response never came.

On June 5, 2003, instead of responding to C&D's claim, the Respondent offered C&D non-binding Alternative Dispute Resolution ("ADR") to resolve the claim at which time had been outstanding for 10 months. C&D agreed. An initial ADR date, July 24, 2003, was scheduled, but Ms. Wilson postponed. Subsequently, Ms. Wilson refused to schedule the ADR, instead opting for preliminary meetings. On September 5, 2003, Ms. Wilson provided that both a VA engineer and attorney wanted to meet with C&D prior to the ADR. Likewise, on September 17, 2003, the VA expressed an interest in having C&D explain their claim to a VA attorney, despite the fact that the claim was over one year old and that the DAA had already reviewed the claim. C&D and PBM's protests regarding Ms. Wilson's stalling of the ADR and claims process were ignored.

In or around the spring of 2004, PBM became a defunct organization. Attempts to work with PBM were unsuccessful. As a result, the VA continued to deal directly with C&D to

4

resolve the claim. At no time was the ADR terminated pursuant to the CDA and at no time was a single ADR session held. Instead, on April 13, 2004, at a meeting the VA requested that C&D review its claim and provide the VA with additional information approximately 1 year and 8 months after C&D's initial submission.

On May 10, 2004, in response to the VA's request, C&D submitted its review of the claim, in particular how delays impacted the job progress in hopes of satisfying Ms. Wilson and facilitating ADR. Despite C&D's significant good faith efforts to work with the VA, participate in ADR and otherwise resolve the claim, Ms. Wilson's refusal to either terminate or proceed with the ADR seriously impacts C&D. Ms. Wilson's failure to carry out her non-discretionary duty has created a procedural quagmire whereby C&D cannot proceed with its rights under the CDA. C&D can neither receive a determination from Ms. Wilson nor can it appeal any determination to the Board of Contract Appeals.

It cannot be stressed enough, despite the fact that C&D is a subcontractor, its claim is certified. Thus, under the CDA the Contracting Officer has jurisdiction to determine the claim. Moreover, the equities of this case fall in favor of C&D. Despite the Respondent's present argument that there is no privity of contract Ms. Wilson misled C&D through her requests for additional information and acceptance of C&D's claim evaluation in May 2004. Further the ADR, while accepted by C&D, was the VA's idea.

Since that time, C&D's repeated requests for ADR to proceed have been frustrated. As provided above, C&D has no recourse until Ms. Wilson either terminates or proceeds with the ADR. Further, C&D has invested a significant amount of time, money and energy therein. The onus is not on C&D, but on the Respondent to govern herself in accordance with the CDA. The Petition does not seek any monetary relief. Solely that Ms. Wilson act in accordance with her

5

statutory responsibilities so that C&D can either appeal her decision or resolve the case.

IV.    **ARGUMENT**

    1.    **SUBJECT MATTER JURISDICTION IS PRESENT IN THE DISTRICT COURT UNDER BOTH 28 U.S.C. § 1361 AND THE ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 701, *et seq.***

        A.    **Jurisdiction Pursuant to 28 U.S.C. § 1361**

Recognizing the need for mandamus relief, Congress has provided:

> The district courts shall have original jurisdiction of any action in the nature of a mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff.

28 U.S.C. § 1361. In determining whether the jurisdictional requirements of § 1361 are present, "allegations of the complaint, unless patently frivolous, are taken as true to avoid tackling to the merits under the ruse of assessing jurisdiction." Jones v. Alexander, Sec'y of the Army, 609 F.29 778, 781 (5th Cir. 1980) (emphasis added). According to one court, "[t]he time at which plaintiffs must establish to the Court the clear nature of their entitlement is at the point of final decision, not at the filing of suit." Brown v. United States, 365 F.Supp. 328, 332 (E.D. Pa. 1973). This principle applies to mandamus relief. See Brown, 365 F.Supp. at 332 (holding jurisdiction present where plaintiff's complaint stated arguable right to mandamus relief to direct Secretary of the Navy to correct certain pertinent records to reflect invalidity of convictions of unauthorized court marshal procedure). Once an arguable right to mandamus relief is shown, "jurisdiction to determine the facts, hear the arguments, and decide the case on the merits" is vested in the District Court pursuant to § 1361. Id.

    Accordingly, for the jurisdictional inquiry, an arguable entitlement to mandamus must be shown in the complaint. Id. The Third Circuit has adopted two prerequisites necessary for mandamus relief. Those prerequisites are "(1) that petitioner [has] no other adequate means to

6

attain the desired relief, and (2) that petitioner meets its burden of showing that its right to the writ is clear and indisputable." In re Joann Patenaude, et al, 210 F.3d 135, 141 (3d Cir. 2000). See also Hinkel v. England, 349 F.3d 162, 164 (3d Cir. 2003) (discussing prerequisites to issuance of mandamus in context of disputes regarding The Classification Act and the Civil Service Reform Act).

Based upon the above-cited elements, jurisdiction is proper in this Court. Jurisdiction is based upon § 1361, which is a congressional grant of original subject matter jurisdiction to the District Court in mandamus actions. 28 U.S.C. § 1361. The facts in the Petition must be taken as true because the Respondent has not challenged any of the facts contained therein. Moreover, the allegations are taken as true to avoid determining the merits of the case under the guise of a jurisdictional determination. At this stage, C&D must only make an arguable claim of entitlement. The Respondent should not expect C&D to prove its case based upon an initial filing. In fact, the Brown court has warned that proof of the clear nature of entitlement is required at final decision, not filing. Brown, 365 F. Supp. at 332.

The first element requires that C&D have no other adequate means to attain the desired relief. Because Ms. Wilson has not terminated ADR, C&D seeks a writ of mandamus requiring Ms. Wilson to conduct the ADR in accordance with her statutory responsibilities. Without such a determination, C&D will remain locked in a procedural twilight zone.

Pursuant to the CDA, Ms. Wilson offered C&D the option of ADR. ADR was offered during the pendency of C&D's claim, which was certified by the general contractor. According to the CDA:

> (e) Termination of authority to engage in alternative means of dispute resolution; savings provision
>
> In any case in which the contracting officer rejects a contractor's

7

request for alternative dispute resolution proceedings, the contracting officer shall provide the contractor with a written explanation, citing one or more of the conditions in section 572(b) of Title 5 or such other specific reasons that alternative dispute resolution procedures are inappropriate for the resolution of the dispute.

41 U.S.C. § 605. Accordingly, 5 U.S.C. § 572(b) provides:

An agency shall consider not using a dispute resolution proceeding if --

(1) a definitive or authoritative resolution of the matter is required for precedential value, and such a proceeding is not likely to be accepted generally as an authoritative precedent;
(2) the matter involves or may bear upon significant questions of Government policy that require additional procedures before a final resolution may be made, and such proceeding would not likely serve to develop a recommended policy for the agency;
(3) maintaining established policies is of special importance, so that variations among individual decisions are not increased and such a proceeding would not likely reach consistent results among individual decisions;
(4) the matter significantly affects persons or organizations who are not parties to the proceeding;
(5) a full public record of the proceeding is important, and a dispute resolution proceeding cannot provide such a record; and
(6) the agency must maintain continuing jurisdiction over the matter with authority to alter the disposition of the matter in the light of changed circumstances, and a dispute resolution proceeding would interfere with the agency's fulfilling that requirement.

5 U.S.C. § 572(b).

C&D has consistently attempted to participate in ADR. In fact, Ms. Wilson cancelled the ADR scheduled between the VA and C&D. Subsequently, Ms. Wilson spearheaded various attempts to hold pre-ADR meetings that never materialized. Ms. Wilson did not, however, at any time terminate the ADR pursuant to the CDA, which requires a written termination that provides an explanation as to why ADR is inappropriate. The failure to termination renders the VA bound the agreed upon ADR. The onus is not on C&D to schedule the ADR, but on Ms. Wilson. The scheduling and holding the ADR is a non-discretionary duty.

8

C&D has no other adequate remedy. C&D has already expended considerable time and money into the claims process, in particular its commitment to ADR. The failure of Ms. Wilson to terminate the ADR renders C&D unable to request a final determination (which is already years overdue) to appeal pursuant to the CDA. Ms. Wilson's failure to schedule the ADR renders C&D unable to have its claim resolved or follow the CDA. Frankly, Ms. Wilson's failure to act has created a procedural quagmire that has prejudiced C&D's rights under the CDA. C&D has no remedy. Ms. Wilson, on behalf of the VA, incorrectly refuses to acknowledge C&D's claim.

Despite the Respondent's contrary and ill-informed contentions, the Petition does not infringe upon the CDA's claim process. The authority cited by the VA concerning the divestiture of jurisdiction is inapplicable. Section 1361 is the jurisdictional basis of the Petition. C&D is not attempting to make an end run around the CDA. C&D's claim, was properly certified by PBM, the general contractor. Once a claim is certified, jurisdiction under the CDA is present. See *infra* § IV. 2. C, p. 14-16 (discussing jurisdiction for subcontractor claim created by proper certification). Neither Ms. Wilson nor the VA has ever challenged the validity of the certification. Moreover, pursuant to the certification Ms. Wilson worked with C&D, both with and without PBM. As a result, Ms. Wilson has a duty to proceed with the ADR pursuant to the CDA. In addition, it is disingenuous for the Respondent to argue in one instance that C&D's relief lies in the CDA, but in another to argue that C&D is not entitled to relief under the CDA due to a lack of privity.

The second element requires that C&D prove that its right to the writ is clear and indisputable. In this case, the CDA does not give Ms. Wilson discretion to stall ADR indefinitely. Rather, it places the responsibility of terminating or scheduling the ADR squarely

9

upon Respondent. C&D is a passive participant. The Respondent has failed to terminate the ADR. Thus, she must proceed with it. Again, the VA cannot have it both ways; they cannot maintain they have no duty to conduct the ADR in one instance, and in another fail to make a determination or terminate it. The law does not allow for such action.

Assuming the facts in the Petition are true, under 28 U.S.C. § 1361, this Court is vested with proper subject matter jurisdiction to hear the claim. C&D is clearly entitled to have its claim considered; Ms. Wilson has a duty to take action in relation to the ADR.

**B.    Jurisdiction Pursuant to the Administrative Procedures Act**

The Administrative Procedures Act (the "APA") confers jurisdiction on a District Court where a non-monetary claim is at issue. Castella v. Army and Air Force Exch. Serv., 657 F.Supp. 25 (N.D. Tx. 1986). While admitting the APA provides subject matter jurisdiction for cases seeking non-monetary relief, the Respondent only disputes the nature of the relief in this instance. According to the Respondent, C&D is seeking monetary relief via the Petition. The Respondent is incorrect. C&D desires to continue to pursue its claim via the CDA. C&D is not seeking monetary relief in this forum.

C&D has a claim for damages pending with Ms. Wilson, the Contracting Officer. Ms. Wilson refuses to proceed with the ADR. In addition, she will not terminate the ADR pursuant to the CDA. Instead, the VA and Ms. Wilson plan on ignoring C&D contractors until they go away. The end result of Ms. Wilson's conduct is a procedural stalemate whereby C&D is without recourse. The Petition seeks for Ms. Wilson to perform her non-discretionary statutory responsibilities. C&D wishes to resolve the claim for damages through the CDA, but the Petition is necessary to resolve the procedural issue.

10

The Respondent's citation of <u>Dep't of the Army v. Blue Fox, Inc.</u>, 525 U.S. 255 (1999) is inapplicable and unavailing. In <u>Blue Fox</u>, a subcontractor on a government construction project brought a cause of action against the government. <u>Blue Fox</u>, 525 U.S. at 256-57. In <u>Blue Fox</u>, the subcontractor, claiming jurisdiction under the ADR, sought an equitable lien against monies held by the government. <u>Id.</u> The Supreme Court held that sovereign immunity barred a subcontractor from enforcing a lien against the government. <u>Id.</u> at 263. In finding sovereign immunity a bar to recovery, the Court determined that an equitable lien's goal "is to seize money in the hands of the Government as compensation for the loss resulting from the default of the prime contractor." <u>Id.</u> Thus, an exercise of jurisdiction under the ADR was inappropriate.

Admittedly, while <u>Blue Fox</u> dealt with a frustrated subcontractor, it did not deal with a subcontractor whose attempt at pursuing a remedy under the CDA. The equitable lien in <u>Blue Fox</u> sought to affect the funds held by the government. The Petition seeks no such relief. Rather, C&D wants its claim to proceed in accordance with the CDA, a waiver of sovereign immunity in its own right. As a result, despite the Respondent's elementary argument to the contrary, <u>Blue Fox</u> is not controlling. Subject matter jurisdiction, therefore, is present in this Honorable Court.[2]

## 2.    THE PETITION ADEQUATELY STATES A CLAIM UPON WHICH MANDAMUS MAY BE GRANTED

### A.    Legal Standard - Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure governs the determination of a

---

[2] While the VA had the discretion to choose ADR, its discretion to choose ceases once ADR is accepted by the claimant. As discussed <u>supra</u> § IV. A. 1, p. 10-11, 41 U.S.C. § 605 provides that a Contracting Officer must terminate ADR in writing for certain enumerated reasons. Otherwise, ADR is to proceed. Accordingly, there is no agency discretion once the ADR process has begun. Thus, the APA's provisions regarding judicial review are applicable.

motion to dismiss. Baltimore & O.R.R. v. Central Ry. Serv., 636 F. Supp. 782, 784 (E.D. Pa. 1986). Under this Rule, a Complaint should not be dismissed "'unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" Id. (emphasis added) (citation omitted). In evaluating the sufficiency of the Complaint, "[t]he Court must accept as true all of the allegations in the pleading and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations." Hewlett-Packard Co. v. Arch Assoc. Corp., 908 F. Supp. 265, 267 (E.D. Pa. 1995)(citations omitted). Consequently, "[a] complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief." Id. at 267-68 (citation omitted).

### B.     Legal Standard - Mandamus

Pursuant to 28 U.S.C. § 1361, actions "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff" may be brought in the District Court. The Third Circuit has adopted two prerequisites necessary for mandamus relief. Those prerequisites are "(1) that petitioner [has] no other adequate means to attain the desired relief, and (2) that petitioner meets its burden of showing that its right to the writ is clear and indisputable." In re Joann Patenaude, et al, 210 F.3d 135, 141 (3d Cir. 2000). See also Hinkel v. England, 349 F.3d 162, 164 (3d Cir. 2003) (discussing prerequisites to issuance of mandamus in context of disputes regarding The Classification Act and the Civil Service Reform Act).

Concerning the first prong, the Patenaude court found, "where there are practical avenues for seeking relief that are untried," a petition will ordinarily be denied. Patenaude, 210 F.3d at

12

141. The Third Circuit has provided, however, that the "formal exhaustion of futile remedies is not required." Id. (Emphasis added).

Concerning the second prong, mandamus is generally issued only when the government official owes a ministerial or non-discretionary duty. Richardson v. United States, 465 F.2d 844, 849 (3d Cir. 1972). But, the Third Circuit found that "mandamus can apply to discretionary acts where petitioners can demonstrate a 'clear abuse of discretion.'" Patenaude, 210 F.3d at 141.

Based upon the Respondent's Motion, the real dispute is whether the Ms. Wilson has a duty to C&D and whether the relief sought is non-discretionary and ministerial. These aspects focus solely upon the second mandamus prerequisite, that the right to a mandamus is clear and indisputable. Thus, for the purposes of the Motion, this honorable court should accept the first prerequisite "that petitioner [has] no other adequate means to attain the desired relief" as satisfied.[3]

### C.     Respondent, on Behalf of the VA, Owes a Duty to the Petitioner

A prime contractor's certification of a subcontractor's claim is sufficient to confer jurisdiction on a contracting officers to hear the merits of that claim. United States v. Turner Constr. Co., 827 F.2d 1554, 1561 (Fed. Cir. 1987). In Turner, the government entered into a contract with a Turner, prime contractor for the construction of a laboratory. Turner, 827 F.2d at 1556-57. In turn, Turner entered into a subcontract with Johnson for the certain aspects of the project. Id. During the course of the project, Johnson was required to perform additional work

---

[3] As provided above, C&D has no other adequate means to attain the desired relief. C&D's claim has been in administrative limbo for 3-4 years, without determination. ADR was offered and accepted, and as provided *supra.* § IV. 1.A, p. 10-11, once ADR is chosen, it must be terminated via statute or proceed. Instead of working to resolve the issue pursuant to the CDA, the Respondent has resisted at all costs. C&D's remedies are within the CDA, and, thus, are limited in its recourse. There simply are no other adequate means for C&D to attain relief. According to the Third Circuit, the law does not require C&D to take futile steps. Requiring C&D to terminate the ADR would be futile, as based upon the attitude and position of the Respondent, C&D would file another mandamus petition.

in relation to the project. Id. As a result, it submitted a claim, which needed to be certified by Turner. Id. Initially, Turner qualified its certification, which did not meet the statutory requirements. Id. at 1557. The claim progressed to the Board of Contract Appeals who awarded Johnson an equitable adjustment. Id. On appeal to the Federal Circuit, the court determined the Board did not have jurisdiction to hear the claim because it was not properly certified by the prime contractor. Turner, 827 F.2d at 1557-58.

On remand, after Turner provided an unqualified certification the Contract Board of Appeals reinstated its earlier decision over the government's opposition. Id. at 1558. On appeal the Federal Circuit affirmed. Id. at 1563. In Turner, the court determined that for the purposes of a certified claim, a prime contractor sponsors a subcontractor's claim. Id. at 1561. According to the Turner court, "a proper certification is a precursor to jurisdiction under the CDA." Id. Ultimately, the Turner court found that Johnson, a subcontractor was entitled to an equitable adjustment for the provision of additional services. Id.

The Respondent's main contention is that because C&D does not have privity of contract with the VA, that the Petition fails to state a claim. The Respondent is incorrect. In the present case, there is no dispute that the general contractor certified C&D's claim. In fact, on November 1, 2002, PBM's certification was received. From that time forward, Ms. Wilson had jurisdiction to determine the merits of C&D's claim. Ms. Wilson has failed, however, to carry out any of her statutory responsibilities, including those forming the basis of the Petition. Consistently, extensions of time were unilaterally taken. Ultimately, and while PBM was still in business, Ms. Wilson offered C&D ADR, which it chose. In Turner, the Federal Circuit upheld an equitable adjustment to a subcontractor where the claim was certified by the prime contractor. C&D is

14

entitled to the same result.

The Respondent contends that a defunct PBM eliminates Ms. Wilson's jurisdiction. That result is not only incorrect, but is inequitable too. Ms. Wilson had jurisdiction over the claim for greater than 2 years before PBM became defunct. In fact, the ADR process was commenced during that time. Consistently, however, Ms. Wilson gave herself extension after extension and cancelled the scheduled ADR. Furthermore, after PBM became defunct, Mr. Wilson had C&D provide additional support for its claim. C&D only seeks to progress with its remedies under the CDA, and have Ms. Wilson schedule the ADR sessions. Based upon the Respondents' failure to terminate the ADR, she has no discretion in taking action.

In addition to the above, the Respondent cites no case law wherein a certifying prime or general contractor became defunct, let alone wherein the exceedingly immense span of time between submission and determination hindered the claims process. As a result, PBM's certification of C&D's claim provided Ms. Wilson with jurisdiction, which she retains to this day. There can be no opposite, equitable result. Ms. Wilson, therefore, owes a duty to C&D to proceed with ADR.

### D.     Petitioner Seeks the Enforcement of a Non-Discretionary, Ministerial Act

The CDA authorizes a Contracting Officer to offer ADR. 41 U.S.C. § 605 (d). Once that

option has been accepted by the claimant, however, a Contracting Officer's discretion is limited

unless it terminates the ADR pursuant to the CDA. 41 U.S.C. § 605(e). As discussed *supra* §

IV. A.1, p. 10-11, the CDA provides that a Contracting Officer must terminate ADR proceedings

in writing citing particular conditions related to why ADR is inappropriate for the resolution of

the dispute. 41 U.S.C. § 605(e). In fact, the CDA specifically refers to 5 U.S.C. § 572(b) as

acceptable reasons to terminate ADR.[4]

Ms. Wilson has not terminated the ADR. Under the CDA, therefore, she is obligated to

proceed. Ms. Wilson's own conduct supports the fact that this duty is non-discretionary. Despite

the cancellation of the first scheduled ADR, she sought to hold pre-ADR meetings. Furthermore,

in the spring of 2004, after PBM became defunct, Ms. Wilson held meetings directly with C&D

and even requested additional support for the claim. These actions are not happenstance, rather

calculated efforts to resolve the claim via the agreed upon ADR process. But, since the

---

[4] 5 U.S.C. § 572(b) provides:

> An agency shall consider not using a dispute resolution proceeding if --
> (1) a definitive or authoritative resolution of the matter is required for precedential value, and such a proceeding is not likely to be accepted generally as an authoritative precedent;
> (2) the matter involves or may bear upon significant questions of Government policy that require additional procedures before a final resolution may be made, and such proceeding would not likely serve to develop a recommended policy for the agency;
> (3) maintaining established policies is of special importance, so that variations among individual decisions are not increased and such a proceeding would not likely reach consistent results among individual decisions;
> (4) the matter significantly affects persons or organizations who are not parties to the proceeding;
> (5) a full public record of the proceeding is important, and a dispute resolution proceeding cannot provide such a record; and
> (6) the agency must maintain continuing jurisdiction over the matter with authority to alter the disposition of the matter in the light of changed circumstances, and a dispute resolution proceeding would interfere with the agency's fulfilling that requirement.

spring/early summer of 2004, Ms. Wilson has refused to schedule ADR. Likewise, she has refused to terminate the ADR. Ms. Wilson cannot have it both ways. She must schedule the ADR and proceed accordingly.

C&D has consistently attempted to participate in ADR. The onus is not on C&D to schedule the ADR, but on Ms. Wilson. This is a simple ministerial duty.

### E.    The Respondent Abused Her Discretion under the CDA making Mandamus Appropriate Relief

If the court were inclined to find, however, that Ms. Wilson does indeed have discretion to hear C&D's claim, in <u>Patenaude</u>, the Third Circuit stated that "mandamus can apply to discretionary acts where petitioners can demonstrate a 'clear abuse of discretion.'" <u>Patenaude</u>, 210 F.3d at 141. In this case, Ms. Wilson has kept C&D waiting for 3-4 years. In that time, the DAA has audited C&D's claim, numerous extensions of time were unilaterally taken by Ms. Wilson, ADR was offered, scheduled and cancelled, and the certifying general contractor has become defunct. In addition, after PBM became defunct, Ms. Wilson continued to work with C&D. The culmination of that process was the request for C&D to review its damages and evaluate its claim in the spring of 2004. On May 10, 2004, C&D complied with Ms. Wilson's request and provided additional support for its August 2002 claim. Unfortunately, since that time the Respondent and the VA have refused contact with C&D. C&D, in reliance upon the VA's commands has gone so far as to commence a civil action against PBM, wherein it received a judgment. C&D's problems result directly from Ms. Wilson's abuse of her discretion under the CDA.

There is no reason, other than purposeful delay or avoidance that C&D's claim is

17

undetermined, that ADR is not scheduled and that C&D finds itself procedurally prejudiced in the CDA process. If judiciary discretion in Ms. Wilson functions, she clearly abused it. In any event, C&D has properly pled an arguable right mandamus relief. As such, the Respondent's Motion to Dismiss must be awarded.

## V.    CONCLUSION

For all of the reasons stated above, and upon the authorities cited herein, Petitioner respectfully requests this Honorable Court overrule the Respondent's Motion to Dismiss based upon subject matter jurisdiction, and also for failure to state a claim upon which relief can be granted.

Respectfully submitted,

**COHEN, SEGLIAS, PALLAS
GREENHALL & FURMAN, P.C.**

By: _____

Edward Seglias, Esq. (I.D. No. 2822)
Robert K. Beste, Esq. (I.D. No. 154)
1007 Orange Street
Nemours Building, Suite 205
Wilmington, DE 19801
(302) 425-5089

18