IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

C&D CONTRACTORS, INC.      :
                           :
        Plaintiff,         :
                           :
   v.                      :   Civil Action No. 05-820-KAJ
                           :
TONI WILSON, et al.        :
                           :
        Defendants         :

**RESPONDENT'S REPLY BRIEF IN
SUPPORT OF ITS MOTION TO DISMISS**

COLM F. CONNOLLY
United States Attorney

Patricia C. Hannigan
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277

Dated: February 21, 2006

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES .................................................. ii

INTRODUCTION ........................................................... 1

STATEMENT OF FACTS ................................................... 1

ARGUMENT I

      THE ARGUMENTS RAISED IN THE PETITION FOR WRIT
      OF MANDAMUS ARE MOOT, BECAUSE THE RELIEF SOUGHT
      HAS NOW BEEN PROVIDED ......................................... 2

ARGUMENT II

      PETITIONER'S ADMISSION THAT THIS MATTER DERIVES FROM
      A DISPUTE UNDER A GOVERNMENT PROCUREMENT CONTRACT
      AMOUNTS TO AN ADMISSION THAT SUBJECT MATTER
      JURISDICTION DOES NOT LIE IN THIS COURT ........................ 3

ARGUMENT III

      THIS COURT LACKS JURISDICTION UNDER THE ADMINISTRATIVE
      PROCEDURES ACT ................................................. 4

ARGUMENT IV

      THE COURT LACKS INDEPENDENT JURISDICTION UNDER
      28 U.S.C. § 1361 .................................................. 6

ARGUMENT V

      THE IS NO BASIS FOR A WRIT OF MANDAMUS ON THESE FACTS;
      RESPONDENT OWES NO DUTY TO PETITIONER ....................... 7

ARGUMENT VI

      PETITIONER CAN SHOW NO ABUSE OF DISCRETION BY
      RESPONDENT ...................................................... 9

CONCLUSION ............................................................ 10

# TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE**

*Bobula v. United States Dep't of Justice*
   970 F.2d 854 (Fed. Cir. 1992) ............................................... 6

*Bowen v. Massachusetts*
   487 U.S. 879 (1988) ........................................................... 5

*Brown v. United States*
   365 F.Supp. 328 (E.D.Pa. 1973) ............................................ 6

*Dept. of the Army v. Blue Fox*
   525 U.S. 255 (1999) ..................................................... 4, 5, 6

*Dow Chem. Co. v. Exxon Corp.*
   30 F.Supp. 2d 673 (D.Del. 1988) ........................................... 7

*In Re Patenaude*
   210 F.3d 135 (3d Cir. 2000) ................................................. 9

*Lechliter v. Rumsfeld*
   2004 WL 1918797 (D. Del. 2004) ....................................... 5, 7

*Larson v. Domestic & Foreign Commerce Corp.*
   337 U.S. 682 (1949) ........................................................... 7

*United States v. Boutwell*
   84 U.S. (17 Wall.) 604, 607,
   21 L.Ed. 721 (1873) ........................................................... 6

*United States v. Johnson Controls, Inc.*
   713 F.2d 1541 (Fed. Cir. 1983) ........................................... 8-9

*United States v. Turner Constr. Co.*
   827 F. 2d 1554 (Fed. Cir. 1987) ....................................... 4, 8, 9

**PAGE**

**STATUTES AND OTHER AUTHORITIES**

Administrative Procedures Act
     5 U.S.C § 701 .................................................................. 6

     28 U.S.C. § 1361 ............................................................ 4, 6

Contract Disputes Act
     41 U.S.C. § 605 .................................................................. 2
     41 U.S.C.§ 605(e) ............................................................ 2, 8

Federal Rules of Civil Procedure
     Rule 12(b)(1) .................................................................... 1
     Rule 12(b)(6) .................................................................... 1

## INTRODUCTION

Petitioner has filed a Response to Respondent's Opening Brief In Support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief Can be Granted ("Petitioner's Brief") (D.I.-6). Petitioner's Brief focuses largely on the inequities of its alleged situation, inequities that have nothing to do with the Respondent. C&D's alleged predicament is a result of the demise of PBM, the prime contractor, and the fact that Petitioner's claim falls within the statutory framework enacted by Congress in the Contract Disputes Act, which deprived this Court of jurisdiction over claims such as Petitioner's. Respondent has neither control nor responsibility over those facts.

## STATEMENT OF FACTS

In the view of Respondent, Petitioner's Brief contains several misstatements of fact in the sections on Nature and Stage of the Proceeding and Statement of Facts. Petitioner's Brief at page 2-6. These misstatements amount to incorrect representations that Respondent generally communicated directly with C&D (although the exhibits attached to the Petition show otherwise), and that Respondent, on behalf of the VA, offered "alternative dispute resolution" ("ADR") to Petitioner, agreed to engage in ADR with Petitioner and did engage in ADR with Petitioner. Respondent relies upon the differing factual recitation in her Opening Brief in Support of Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction And For Failure To State a Claim Upon Which Relief Can be Granted, Pursuant to Fed.R.Civ.P. 12(b)(1) and (6) ("Respondent's Opening Brief") (D.I.-5). As set forth in Respondent's Opening Brief and in the attachments to the Petition for Writ of Mandamus, the Department of Veterans Affairs ("VA") generally communicated with its prime contractor, PBM. The VA offered ADR to PBM

(see Petition Exhibit 5) and engaged in ADR with PBM, not directly with Petitioner, although Petitioner did attend an ADR meeting between the VA and PBM. In addition, as alleged in Petitioner's Opening Brief, it is true that following PBM's demise, there has been contact between the VA and C&D in an effort to solve the dispute presently before the court.

### ARGUMENT I

### THE ARGUMENTS RAISED IN THE PETITION FOR WRIT OF MANDAMUS ARE MOOT, BECAUSE THE RELIEF SOUGHT HAS NOW BEEN PROVIDED.

The specific relief sought in the Petition For Writ Of Mandamus ("Petition")(D.I.-1) is as follows:

WHEREFORE, C&D Contracting, Inc., respectfully requests that this Honorable Court issue a Writ of Mandamus compelling Defendant Toni Wilson to:

(a) No later than 20 days from the date of the Writ, schedule and perform ADR with C&D Contracting Inc.; or

(b) No later than twenty days from the date of the Writ, terminate the ADR process pursuant to the Contract Disputes Act.

Petition at page 5.

The Contract Disputes Act, 41 U.S.C. 605, sets forth procedures both for entering into ADR and for rejecting a request for ADR. Pursuant to Section 605(e), "[i]n any case in which the contracting officer rejects a contractor's request for alternative dispute resolution proceedings, the contracting officer shall provide the contractor with a written explanation, citing... specific reasons that alternative dispute resolution procedures are inappropriate for the resolution of the dispute."

While the VA continues to assert that it owes no duty to Petitioner because Petitioner is a subcontractor, in response to the instant Petition, the Respondent has now provided a written explanation to Petitioner of the VA's rejection of Petitioner's request for ADR. *See* Exhibit 1, attached. The VA has explained that it would be inappropriate for the parties to this Petition to engage in ADR because there is no privity of contract between the VA and Petitioner, and the CDA does not authorize ADR absent privity.

Accordingly, the relief sought in the instant Petition - "termination" (or more correctly "rejection", in the language of the statute) of ADR – has already been obtained by Petitioner, and this matter is now moot.

## ARGUMENT II

### PETITIONER'S ADMISSION THAT THIS MATTER DERIVES FROM A DISPUTE UNDER A GOVERNMENT PROCUREMENT CONTRACT AMOUNTS TO AN ADMISSION THAT SUBJECT MATTER JURISDICTION DOES NOT LIE IN THIS COURT.

Petitioner admits that the present controversy arose from a dispute under a government procurement project, which is governed by the Contract Disputes Act ("CDA"). *See* Petitioner's Brief at page 3, "on or about August 8, 2002, pursuant to the CDA, C&D submitted its claim for damages to PBM for presentation to the VA." At page 9, Petitioner asserts, "C&D's claim was properly certified by PBM, the general contractor. Once a claim is certified, jurisdiction under the CDA is present." Further, on page 10, Petitioner admits "C&D desires to continue to pursue its claim via the CDA." At page 11 appears: "C&D wants its claim to proceed in accordance with the CDA".

In addition to these admissions, it is noteworthy that, in support of its mandamus argument that Respondent owes a duty to it, Petitioner relies on a CDA case from the Federal Circuit, not on any authority to the effect that the District Court has jurisdiction over a CDA claim. Petitioner's Brief at page 13, *citing United States v. Turner Constr. Co.*, 827 F. 2d 1554 (Fed. Cir. 1987).

Petitioner addresses Respondent's argument that this court has been deprived of jurisdiction over CDA claims in a single sentence, thus: "[t]he authority cited by the VA concerning the divestiture of jurisdiction is inapplicable." Petitioner's Brief at page 9. That is so, Petitioner urges, because subject matter jurisdiction lies in this court independently, under the mandamus statute, 28 U.S.C. §1361.[1] However, the repeated admissions by Petitioner that this dispute arose from a government contract and that the resolution of the dispute falls under the CDA amount to a concession that jurisdiction lies not in the District Court, but in the Court of Federal Claims, as argued in the Government's Opening Brief, at pages 3-7.

### ARGUMENT III

### THIS COURT LACKS JURISDICTION UNDER THE ADMINISTRATIVE PROCEDURES ACT

Insisting that "C&D is not seeking monetary relief in this forum," (Petitioner's Brief at page 10), Petitioner attempts to distinguish controlling authority, *Dept. of the Army v. Blue Fox*, 525 U.S. 255 (1999), which held that a frustrated subcontractor cannot recover directly from the Government under the Administrative Procedures Act ("APA") when the prime contractor fails to pay the subcontractor. Petitioner's Brief at page 11. Petitioner's argument seems to be that a

---

[1] That argument is addressed separately, in Argument IV, *infra*.

-4-

different outcome is appropriate here because in *Blue Fox*, the subcontractor sought an equitable lien on funds held by the Government, whereas C&D only wants the Court to force the VA to engage in ADR (which C&D hopes will ultimately lead to payment by the VA of funds owed C&D through the prime contractor, it should be noted).

C&D, in fact, concedes that its ultimate goal is to recover money damages: "[during the course of the project, C&D ... was damaged by the conduct of the VA and/or PBM." Petitioner's Brief at page 3. Again it is asserted that, "C&D has a claim for damages pending with Ms. Wilson." Petitioner's Opening Brief at page 10. As the *Blue Fox* court noted, this amounts to "a form of substitute and not specific relief." 525 U.S. at 263. An action to enforce substitute relief against the sovereign will not find jurisdiction under APA, although the APA does provide jurisdiction over an action against the Government for specific relief. *Id.*

This Court has employed the same analysis to reach the conclusion that jurisdiction lies under the APA where the action seeks specific relief. *Lechliter v. Rumsfeld*, 2004 WL 1918797 (D. Del. 2004). In *Lechliter*, the issue was whether the court had jurisdiction under the APA to consider a claim for payment of certain disability compensation to which Plaintiff felt he was entitled by operation of statute. The Court addressed the Government's argument that, because Plaintiff's claim was for money, the Court lacked jurisdiction under the APA. Plaintiff argued he sought, not money *damages*, "but rather money he is entitled by statute." *Id.* at *4. The Court relied on the reasoning in *Bowen v. Massachusetts*, 487 U.S. 879 (1988), pointing out that "[i]n *Bowen*, the Supreme Court distinguished actions at law for damages, which are intended to compensate the plaintiff for injury..., from equitable actions for specific relief, which include the recovery of specific monies." *Lechliter* at *4 (internal citation omitted). The Court there

concluded "[b]ecause Plaintiff seeks specific relief ... I ... hold that I have jurisdiction in this case pursuant to the APA, 5 U.S.C. § 701 *et seq.*"

C&D's claim in this case is not for "specific" relief, as in *Lechliter* (where APA jurisdiction was found to lie), but for "substitute" relief, as in *Blue Fox* (where APA jurisdiction was lacking). As was true in *Blue Fox*, C&D's ultimate "goal is to seize or attach money in the hands of the Government *as compensation for the loss* resulting from the default of the prime contractor." *Blue Fox*, 525 U.S. at 263 (emphasis added). The APA provides no jurisdictional footing for such an action.

### ARGUMENT IV

### THE COURT LACKS INDEPENDENT JURISDICTION UNDER 28 U.S.C. § 1361

As pointed out in the Respondent's Opening Brief at footnote 1, the mandamus statute, 28 U.S.C. § 1361, is not a general waiver of sovereign immunity. *Bobula v. United States Dep't of Justice*, 970 F.2d 854, 860 (Fed. Cir. 1992). It does not, of itself, confer jurisdiction over the instant matter in this Court, since this action is only nominally against the contracting officer, but is, in essence, actually against the Government. *Id.* citing *United States v. Boutwell*, 84 U.S. (17 Wall.) 604, 607, 21 L.Ed. 721 (1873) and *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 695 (1949).

Petitioner nonetheless argues that jurisdiction is to be found under the mandamus statute whenever the complaint states acts sufficient to make out an "arguable right to mandamus." Petitioner's Brief at page 6, *citing Brown v. United States*, 365 F.Supp. 328, 332 (E.D.Pa. 1973). Petitioner correctly recites the prerequisites for showing an arguable right to mandamus, *i.e.* that

there is no other means to attain the desired relief, and that a petitioner has a "clear and indisputable right to the writ." Petitioner's Brief at page 6-7 (citation omitted). But as pointed out in Respondent's Opening Brief, the Petitioner in this case fails to set out facts sufficient to show an arguable right to the extraordinary relief of mandamus. "Once jurisdiction is challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Lechliter*, 2004 WL 1918797 at *2, *citing Dow Chem. Co. v. Exxon Corp.*, 30 F.Supp. 2d 673, 689-690 (D.Del. 1988) (internal citations omitted). The Government urges the Court to find that Petitioner's circular jurisdictional argument regarding mandamus is insufficient to carry its burden of proof.

## ARGUMENT V

### THERE IS NO BASIS FOR A WRIT OF MANDAMUS ON THESE FACTS; RESPONDENT OWES NO DUTY TO PETITIONER

Petitioner's Brief fails to respond to the fundamental argument raised by Respondent, that she, on behalf of the VA, simply owes no duty to C&D. Petitioner baldly alleges, without citation to authority, that Ms. Wilson should be ordered "to conduct the ADR in accordance with her statutory responsibilities." Petitioner's Brief at page 7. This assertion is repeated at page 10: "[t]he Respondent has failed to terminate the ADR. Thus she must proceed with it. ....C&D is clearly entitled to have its claim considered; Ms. Wilson has a duty to take action in relation to the ADR." But Petitioner cites to no authority for these conclusory allegations.

Moreover, there is no basis for Petitioner's assertion that "[since Ms. Wilson has refused to terminate the ADR pursuant to statute, she is bound to proceed with the ADR." Petitioner's Brief at page 2. Again, that assertion appears at page 3, "[u]nder the CDA, Ms. Wilson must

either terminate or proceed with the ADR. Since she has chosen not to terminate the ADR pursuant to the CDA, there is no discretion, ADR must precede [sic]." However, as pointed out in Argument I, *supra*, the statute provides the procedure for terminating (more accurately labeled "rejecting") ADR. Pursuant to 41 U.S.C. § 605(e) "[i]n any case in which the contracting officer rejects a contractor's request for alternate dispute resolution, the contracting officer shall provide the contractor with a written explanation, citing ... specific reasons that alternate dispute resolution procedures are inappropriate for the resolution of the dispute." That procedure has now been followed, as outlined in Argument I. Setting aside for a moment the significant issue that the statute explicitly authorizes only ADR between a government agency and a "contractor" rather than a "subcontractor," the Government urges that the quoted language, establishing a procedure for rejecting ADR, seems incompatible with the conclusion that the Government is powerless to terminate ADR once it has been offered.

Petitioner relies heavily on the case of *Turner*, 827 F.2d at 1554 for the proposition that, because C&D's claim was "certified" by PBM, Respondent had "jurisdiction" to decide it, and therefore a duty to do so. Petitioner's Brief at pages 13-15. *Turner*, however, actually supports Respondent's position that she has no duty to Petitioner. First, *Turner* did *not* establish that any agency contracting officer owed a duty to a subcontractor. It merely held that a prime contractor could seek recovery for a subcontractor's claim. That is not the situation here.

Secondly, in an earlier appeal in the same case, the court had ruled that the Armed Services Board of Contract Appeals lacked jurisdiction over the claim of the subcontractor Johnson Controls, because there was no privity of contract between Johnson Controls and the Government. *Id.* at 1557, *citing United States v. Johnson Controls, Inc.*, 713 F.2d 1541, 1548-57

(Fed. Cir. 1983). The Court specifically endorsed the "single point of contact" approach by which subcontractors present claims only through the prime contractor. *Turner*, 827 F.2d at 1561.

Finally, there is no discussion in *Turner* of whether certification of a subcontractor's claim, admittedly necessary to conferring "jurisdiction" under the CDA (*id. at* 1561), also gave rise to a "duty" on the part of the Government for purposes of mandamus. (In fact, far from finding mandamus jurisdiction, the court actually referred to "the overall goal of Congress that the CDA be used to resolve all disputes and claims arising from contracts with government agencies." *Id.*)

In any event, as pointed out in Argument I, *supra*, Petitioner cannot now argue that it has "no other adequate means to obtain the desired relief", because the relief sought in the Petition – formal "termination" of ADR – has now been provided by the VA, as shown in Exhibit 1.

## ARGUMENT VI

### PETITIONER CAN SHOW NO ABUSE OF DISCRETION BY RESPONDENT

Petitioner asserts that Respondent's alleged "purposeful delay or avoidance" in addressing C&D's claim amounts to an abuse of discretion. Petitioner's Brief at pages 17-18. It is true that discretionary acts can give rise to mandamus relief where discretion has been abused. *In Re Patenaude*, 210 F.3d 135, 141 (3d Cir. 2000). However, the Government urges that in light of all the arguments raised in Respondent's Opening Brief and herein, it is clear that Respondent's good faith refusal to engage in ADR with C&D did not rise to the level of abuse of

discretion. In particular, since Respondent has no authority under the CDA to negotiate directly with a subcontractor, she had no discretion to abuse.

## CONCLUSION

For all the reasons and upon all the authorities cited herein and in Respondent's Opening Brief, Respondent requests that the Court dismiss with prejudice the Petition for Writ of Mandamus.

                COLM F. CONNOLLY
                United States Attorney

By:    /s/Patricia C. Hannigan
        Patricia C. Hannigan
        Assistant United States Attorney
        Delaware Bar I.D. No. 2145
        The Nemours Building
        1007 Orange Street, Suite 700
        P. O. Box 2046
        Wilmington, DE 19899-2046
        (302) 573-6277
        Patricia.Hannigan@usdoj.gov

Dated: February 21, 2006

# EXHIBIT 1



**DEPARTMENT OF VETERANS AFFAIRS**
Medical and Regional Office and Center
1601 Kirkwood Highway
Wilmington, Delaware 19805-4989

In Reply Refer To:460/90C

January 10, 2006

Ms. Ryan
C & D Contractors
PO Box 9236
Wilmington, DE 19809

Dear Ms. Ryan:

Please be advised that the Department of Veterans Affairs (VA) will not engage in "Alternative Dispute Resolution" with C&D. Such procedures are inappropriate for the resolution of the dispute set forth in C&D's Petition for Writ of Mandamus because there has never been privity of contract between the VA and C&D with respect to the matter in dispute.

Sincerely,

Toni Wilson
Contract Specialist

## CERTIFICATE OF SERVICE

I, Patricia C. Hannigan, hereby certify that on **February 21, 2006**, I electronically filed the foregoing **RESPONDENT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

**Robert K. Beste, Jr., Esquire**
**Edward Seglias, Esquire**
Cohen, Seglias, Pallas, Greenhall & Furman, P.C.
1007 Orange Street
Nemours Building, Suite 205
Wilmington, DE 19801
(302) 425-5089
rbeste@cohenseglias.com

                          COLM F. CONNOLLY
                          United States Attorney

                By:  /s/Patricia C. Hannigan
                       Patricia C. Hannigan
                       Assistant United States Attorney
                       Delaware Bar I.D. No. 2145
                       The Nemours Building
                       1007 Orange Street, Suite 700
                       P. O. Box 2046
                       Wilmington, DE 19899-2046
                       (302) 573-6277
                       Patricia.Hannigan@usdoj.gov