IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

C&D CONTRACTORS, INC.,                    :
                                          :
            Plaintiff,                    :
                                          :
      v.                                  : Case No. 05-820-KAJ
                                          :
                                          :
TONI WILSON,                              :
                                          :
            Defendant.                    :

## SCHEDULING ORDER

This 15th day of May, 2006, the Court having conducted an initial Rule 16

scheduling and planning conference pursuant to Local Rule 16.2(a), on May 15, 2006,

and the parties having determined after discussion that the matter cannot be resolved at

this juncture by settlement, voluntary mediation, or binding arbitration;

      IT IS ORDERED that:

      1.    Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures,

pursuant to Federal Rule of Civil Procedure 26(a)(1), within five days of the date of this

Order. If they have not already done so, the parties are to review the Court's Default

Standard for Discovery of Electronic Documents, which is posted at

http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc

Committee for Electronic Discovery), and is incorporated herein by reference.

      2.    Joinder of other Parties and Amendment of Pleadings. All motions to join

other parties, and to amend or supplement the pleadings shall be filed on or before July

17, 2006.

3.    Discovery.

        a.    Limitation on Hours for Deposition Discovery. Each side is limited to a total of 15 hours of taking testimony by deposition upon oral examination.

        b.    Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        c.    Discovery Cut Off. All discovery in this case shall be initiated so that it will be completed on or before January 2, 2007. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

        d.    Disclosure of Expert Testimony. Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before ninety days before the date of the completion of discovery; and they shall file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party sixty days before the date for the completion of discovery. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

e.     Discovery Disputes. Should counsel find they are unable to resolve

a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-

6001, to schedule a telephone conference. Not less than forty-eight hours prior to the

conference, the party seeking relief shall file with the Court a letter, not to exceed three

pages, outlining the issues in dispute and its position on those issues. (The Court does

not seek extensive argument or authorities at this point; it seeks simply a statement of

the issue to be addressed and or summary of the basis for the party's position on the

issue.) Not less than twenty-four hours prior to the conference, any party opposing the

application for relief may file a letter, not to exceed three pages, outlining that party's

reasons for its opposition. Should the Court find further briefing necessary upon

conclusion of the telephone conference, the Court will order it. Disputes over protective

orders are to be addressed in the first instance in accordance with this paragraph.

4.     Application to Court for Protective Order. Should counsel find it will be

necessary to apply to the Court for a protective order specifying terms and conditions

for the disclosure of confidential information, counsel should confer and attempt to

reach an agreement on a proposed form of order and submit it to the Court within ten

days from the date of this Order. Should counsel be unable to reach an agreement on a

proposed form of order, the counsel must first follow the provisions of Paragraph 3e

above.

Any proposed order should include the following paragraph:

Other Proceedings. By entering this order and limiting the
disclosure of information in this case, the Court does not
intend to preclude another court from finding that information
may be relevant and subject to disclosure in another case.
Any person or party subject to this order who becomes
subject to a motion to disclose another party's information

3

designated "confidential" pursuant to this order shall
promptly notify that party of the motion so that the party may
have an opportunity to appear and be heard on whether that
information should be disclosed.

5.    Papers Filed Under Seal. When filing papers under seal, counsel should

deliver to the Clerk an original and one copy of the papers.

6.    Interim Status Report. On or before November 8, 2006, counsel shall

submit a letter to the Court with an interim report on the nature of the matters in issue and

the progress of discovery to date.

7.    Status Conference. On November 15, 2006, the Court will hold a Rule

16(a), (b) and (c) conference by telephone with counsel beginning at 4:30 p.m. Plaintiff's

counsel shall initiate the telephone call. If all parties agree that there is nothing to report,

nor anything to add to the interim status report or to this order, they may so notify the

Court in writing before the conference is scheduled to occur, and the conference will be

taken off of the Court's calendar.

8.    Case Dispositive Motions. All case dispositive motions, an opening brief,

and affidavits, if any, in support of the motion shall be served and filed on or before

February 1, 2007. Briefing will be presented pursuant to the Court's Local Rules.

9.    Applications by Motion. Except as otherwise specified herein, any

application to the Court shall be by written motion filed with the Clerk. Unless otherwise

requested by the Court, counsel shall not deliver copies of papers or correspondence to

Chambers. Any non-dispositive motion should contain the statement required by Local

Rule 7.1.1.

4

10.    Pretrial Conference. On June 26, 2007, the Court will hold a Final Pretrial
Conference in Chambers with counsel, beginning at 4:30 p.m. Unless otherwise ordered
by the Court, the parties should assume that filing the pretrial order
satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).
The parties shall file with the Court the joint proposed final pretrial order with the
information required by the form of Final Pretrial Order which accompanies this
Scheduling Order on or before May 25, 2007.

11.    Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in
limine* requests and responses thereto shall be set forth in the proposed pretrial order.
Each party shall be limited to five *in limine* requests, unless otherwise permitted by the
Court. The *in limine* request and any response shall contain the authorities relied upon;
each *in limine* request may be supported by a maximum of five pages of argument, and
may be opposed by a maximum of five pages of argument. If more than one party is
supporting or opposing an *in limine* request, such support or opposition shall be
combined in a single five (5) page submission, unless otherwise ordered by the Court.
No separate briefing shall be submitted on *in limine* requests, unless otherwise
permitted by the Court.

12.    Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is
to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed
voir dire, instructions to the jury, and special verdict forms and jury interrogatories three
full business days before the final pretrial conference. That submission shall be
accompanied by a computer diskette (in WordPerfect format) which contains the
instructions, proposed voir dire, special verdict forms, and jury interrogatories.

5

13.    Trial. This matter is scheduled for a 2- day non-jury trial, beginning at

9:00 a.m. on July 23, 2007. For the purpose of completing pretrial preparations, counsel

should plan on each side being allocated a total of 5.5 hours to present their case.


**UNITED STATES DISTRICT JUDGE**

RKB/msj
05118-0022
5/15/06