IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

C&D CONTRACTORS, INC.,           )
                                 )
              Petitioner,        )
                                 )
      v.                         )    Civil Action No. 05-820-KAJ
                                 )
TONI WILSON,                     )
                                 )
              Respondent.        )
                                 )

### MEMORANDUM ORDER

**I.    INTRODUCTION**

Before me is a Petition for Writ of Mandamus, filed by C&D Contractors, Inc.

("C&D").  (Docket Item ["D.I."] 1; the "Petition".)  C&D requests that the respondent, Toni

Wilson ("Wilson"), be ordered to schedule and perform Alternative Dispute Resolution

("ADR") with C&D, or terminate the ADR process pursuant to the Contract Disputes Act

("CDA"), 41 U.S.C. § 601, *et seq*.  (D.I. 1 at 5.)  In response, Ms. Wilson filed a motion

to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon

which relief can be granted.  (D.I. 4.)  For the reasons that follow, C&D's Petition will be

denied in all respects.

**II.    BACKGROUND[1]**

C&D was a subcontractor on a construction project involving the Veterans

Administration Hospital in Wilmington, Delaware.  (D.I. 6 at 3.)  In attempting to recover

payment for the services it performed, C&D dealt directly with the Department of

_____

[1]The following background information is taken from the parties' submissions and
does not constitute findings of fact.

Veterans Affairs ("VA"). (*Id.* at 4-5.) Specifically, C&D communicated with Ms. Wilson, a Contracting Officer for the VA. (*Id.* at 3.) C&D alleges that it accepted Ms. Wilson's offer to participate in ADR in June 2003, and that Ms. Wilson then continually delayed the process. (*Id.* at 4-5.) As a result, C&D filed the Petition seeking an order that would direct Ms. Wilson to immediately proceed with ADR or terminate the process, so that C&D could pursue other avenues of recovery. (*Id.* at 5-6.)

III.    **DISCUSSION**

As discussed above, the Petition asks the court to compel Ms. Wilson to either perform ADR with C&D, or terminate the ADR process pursuant to the CDA. (D.I. 1 at 5.) C&D argues that, according to Section 605(e) of the CDA, Ms. Wilson must terminate the ADR process by providing "a written explanation, citing ... specific reasons that alternative dispute resolution procedures are inappropriate for the resolution of the dispute." (D.I. 6 at 7-8.) According to Ms. Wilson, the ADR process was terminated on January 10, 2006, when she mailed a letter to C&D stating that the VA would not engage in ADR with C&D. (D.I. 7, Ex. 1.) The letter specified that "such procedures are inappropriate for the resolution of the dispute ... because there has never been privity of contract between the VA and C&D with respect to the matter in dispute." (*Id.*) The letter satisfies C&D's request because it is a written explanation that sets forth a specific reason why ADR is inappropriate.

A court need not decide the merits of a case if "[a]ction by the defendant [ ] simply accords all the relief demanded by the plaintiff ... [s]o long as nothing further would be ordered by the court." 13A Charles Alan Wright, Arthur R. Miller & Edward H.

2

Cooper, *Federal Practice and Procedure* § 3533.2 at 238 (2d ed. 1984). By terminating the ADR process in the manner specified by C&D, Ms. Wilson provided the relief requested by C&D, and thus, no court order is need to compel such action. C&D also asks that the court maintain jurisdiction over this action to ensure Ms. Wilson's compliance. (D.I. 1 at 5.) However, no oversight by the court is necessary because Ms. Wilson has already terminated the ADR process.

Finally, C&D requests that it be awarded the costs of this proceeding. (*Id.*) Under the Equal Access to Justice Act ("EAJA"), "costs, ... , but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. § 2412(a)(1). According to U.S. Supreme Court precedent, a plaintiff is only considered a "prevailing party" under the EAJA if the court orders some relief; a voluntary change in the defendant's conduct is not sufficient. *Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship and Immigration Servs.*, 452 F.3d 1254, 1257-58 (11th Cir. 2006) (applying the holding in *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001), to costs awarded under 28 U.S.C. § 2412(a)(1)); *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 945 (D.C. Cir. 2005) (same); *Perez-Arellano v. Smith*, 279 F.3d 791, 793-94 (9th Cir. 2002) (same). In this case, the court has made no decision regarding the merits of C&D's Petition and has not ordered any relief. Rather, Ms. Wilson voluntarily terminated the ADR process. (D.I. 7, Ex. 1.) Therefore, regardless of whether the court has

3

jurisdiction in this action,[2] costs may not properly be awarded to C&D under the EAJA. Accordingly, since C&D has already obtained the relief that it requested and the court will order nothing further, I will deny the Petition as moot.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that the Petition is DENIED.

UNITED STATES DISTRICT JUDGE

October 10, 2006
Wilmington, Delaware

---

[2]Since I do not address the substantive merits of the Petition or order any relief, I also do not decide whether the court has subject matter jurisdiction in this case.